# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KATHLEEN G. KNIGHT,**

    Plaintiff,

  -vs-

**Case No. 10-C-592**

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

    Defendant.

# DECISION AND ORDER

Kathleen Knight appeals the Commissioner of Social Security's denial of her application for social security disability benefits. The Administrative Law Judge found that Ms. Knight was disabled for a period of time, but discontinued benefits at the point when Ms. Knight began receiving $3,100/month to care for her severely disabled son. Ms. Knight receives $1,600/month from the State of Wisconsin through its Brain Injury Waiver program, and $1,500 from IndependenceFirst, a non-profit organization which pursues an independent living philosophy for disabled individuals. Accordingly, the ALJ found that Ms. Knight's care for her son was substantial gainful activity.

On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000).

The Court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and her conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

Ms. Knight's adult son Adam was involved in a motorcycle accident in March of 2000, resulting in a massive brain injury and quadriplegia. On June 22, 2006, the State of Wisconsin moved Adam into Ms. Knight's home, spending substantial money to install a one-floor lift elevator. Anew Healthcare Service, a state agency, asked Ms. Knight if she would provide care for Adam because they were unable to find anyone else to provide the service. Ms. Knight testified that she is required to watch Adam constantly because he could aspirate, and, if needed, she uses a toothbrush to roll out his phlegm. She washes Adam's face, applies lotion to his skin, feeds him food and medications through a tube, and changes his diaper. She also provides emotional support for Adam and shares conversation with him in "coffee sessions." Ms. Knight is paid on a full-time basis (40 hours a week). She is Adam's legal guardian and the payee for his monthly SSI benefit ($803/month). Ms. Knight's ex-husband, Timothy Knight, also helps with caretaking tasks like bathing, getting supplies, and changing and positioning Adam's bed. Mr. Knight is paid for these services on a part-time basis (2 days a week). Mr. Knight has a full-time job operating his own business.

A disabled claimant who begins performing substantial gainful activity is no longer disabled. 20 C.F.R. § 404.1594(f)(1). Work is substantial if it involves significant physical or mental activities, and it is gainful if it is usually done for pay or profit. 20 C.F.R. §§ 404.1572(a) and (b). A presumption of substantial gainful activity arises if the claimant earns a certain amount of money. 20 C.F.R. §§ 404.1574(a) and (b); *Wolfe v. Shalala*, 997 F.2d 321, 324 (7th Cir. 1993). Ms. Knight's income far exceeds the minimum monthly SGA presumption. 20 C.F.R. § 404.1574(b)(2); DI 10501.015, Tables of SGA Earning Guidelines; https://secure.ssa.gov/apps10/poms.nsf/lnx/04105001015 ($860/month in 2006, $900/month in 2007, $940/month in 2008).

The claimant can rebut the earnings presumption by providing "evidence of his inability to be self-employed or to perform the job well, without special assistance, or for only brief periods of time." *Jones v. Shalala*, 21 F.3d 191, 193 (7th Cir. 1994) (quoting *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990)). Similarly, the SSA regulations recognize that if a claimant is "working in a sheltered workshop," he or she "may not be earning the amounts" being paid. 20 C.F.R. § 404.1574(a)(3). Here, there is substantial evidence in the record that Ms. Knight's care for her son was substantial gainful activity, and Ms. Knight failed to rebut the SGA presumption. Ms. Knight argues that she is merely doing what any loving mother would do for her son, but the two activities are not mutually exclusive. Ms. Knight is being paid to provide a service, and if she was unable or unwilling to provide this service, the State of Wisconsin and/or IndependenceFirst wouldn't be paying her. There is no evidence in the record that Ms. Knight provided substandard or inadequate

-3-

care for her son. Similarly, there is no evidence in the record that Ms. Knight requires the assistance of her ex-husband to perform the services for which she is paid. The fact that Mr. Knight also helps care for Adam is irrelevant since Mr. Knight is being paid separately for his services.

**IT IS HEREBY ORDERED** that the Commissioner's denial of benefits is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2011.

                                        **BY THE COURT**:

                                        *s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**